# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy No. 13-20234-elf |
| Nicholas A Merlino, | Chapter 13 |
|     Debtor, | |
| Kathleen V Merlino, | |
|     Joint Debtor, | |
| U.S. Bank National Association, as Trustee for CVF II Mortgage Loan Trust II, | |
|     Movant, | |
| v. | |
| Nicholas A Merlino and Kathleen V Merlino, and | |
| William C. Miller, Esq., Ch. 13 Trustee | |
|     Respondents. | |

**MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CVF II MORTGAGE LOAN TRUST II FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CVF II MORTGAGE LOAN TRUST II TO FORECLOSE ON 7339 GARMAN ST, PHILADELPHIA, PENNSYLVANIA 19153**

Secured Creditor, U.S. Bank National Association, as Trustee for CVF II Mortgage Loan Trust II, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtors, Nicholas A Merlino and Kathleen V Merlino, filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on November 25, 2013.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and

statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On October 26, 2006, Nicholas Merlino and Kathleen Rosado-Merlino executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $80,750.00 to New Century Mortgage Corporation. The Mortgage was recorded on November 6, 2006 in Document ID #51565813 of the Public Records of City of Philadelphia, Pennsylvania. The loan was transferred to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A." The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage, and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

4. The terms and conditions of the Note and Mortgage were later amended pursuant to the Loan Modification Agreement ("Agreement") made May 5, 2016. Said Agreement created a new principal balance of $80,260.55. A true and accurate copy of the Agreement is attached hereto as Composite Exhibit "A".

5. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed.

6. The Mortgage provides Secured Creditor a lien on the real property located in Philadelphia County, Pennsylvania and legally described as stated in Composite Exhibit "A."

This property is located at the street address of: 7339 Garman St, Philadelphia, Pennsylvania 19153.

7. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since April 1, 2017.

8. Secured Creditor is due the following amount as of February 13, 2018:

| | |
|---|---|
| Principal balance | $77,949.72 |
| Interest | $1,161.77 |
| Escrow Advance | $2,483.93 |
| NSF Fees | $20.00 |
| Suspense Balance | ($415.72) |
| Total Due: | $81,199.70 |

9. According to Philadelphia County Tax Assessor, the value of the property is $74,100.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

10. Upon information and belief, the subject property is also encumbered by additional liens in the amount of $6,745.00.

11. Based upon the Debtors' Modified Chapter 13 Plan (Docket No. 73), the property is treated outside the plan and Secured Creditor will receive payments directly.

12. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtors' failure to comply with the terms of the subject loan documents

while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

13. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

14. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtors' assets.

15. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

16. Once the stay is terminated, the Debtors will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 8, 2018

>RAS Citron, LLC
>130 Clinton Road, Suite 202
>Fairfield, NJ 07004
>Telephone No.: 973-575-0707
>By: /s/ Kevin Buttery
>Kevin Buttery, Esquire
>PA I.D. 319438
>kbuttery@rascrane.com