IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Bankruptcy 13-20234-elf |
| Nicholas A Merlino, | Chapter 13 |
| Debtor, | |
| U.S. Bank, National Association, as Trustee for CVF II Mortgage Loan Trust II, | Related to: Doc. No. 91 |
| Movant, | Hearing Date: 4/17/2018 @ 9:30 a.m. |
| v. | |
| Nicholas A Merlino and Kathleen V Merlino and William C. Miller, Esq., Ch. 13 Trustee, | |
| Respondents | |

STIPULATION RESOLVING
MOTION FOR RELIEF FROM STAY

AND NOW, comes Movant, U.S. Bank, National Association, as Trustee for CVF II Mortgage Loan Trust II by and through its undersigned counsel, Robertson, Anschutz, Schneid, PL, and, Debtor, Nicholas Merlino ("Debtor"), by and through his undersigned counsel, Brad J. Sadek, Esq. and together file this Stipulation Resolving Motion for Relief from Stay (the "Stipulation"), stating as follows:

1.  The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.  Movant has an interest in Debtor's property more fully described as that certain real property located at 7339 Garman St, Philadelphia, PA 19153 (hereinafter the "Property").

3.  As of the date of this Stipulation, the total post-petition arrears to Movant are $5,706.35. In addition, attorney fees and costs in the amount of $531.00 are owed to movant, for a total default of $6,237.35.

4.  The Debtor will cure the post-petition arrears over a twelve-month period by making monthly payments of $519.77 commencing May 1, 2018 through ~~March~~ April 1, 2019, with a final payment in the amount of $519.88 to be made on or before April 1, 2019.

5. Debtor further agrees that he shall continue to make all property tax payment as they become due and maintain insurance coverage on real property. Debtor shall provide proof of insurance prior to the expiration of the current policy.

6. If Debtor defaults on any payments pertaining to this stipulation or property tax payment or maintain and provide proof of insurance coverage, Movant may send Debtor and counsel a written notice of default of this Stipulation. Movant may send the written notice by fax or e-mail, instead of or in addition to regular mail. If the default is not cured within fourteen (14) days of the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing. If Debtor sends a payment that is returned for insufficient funds, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay as to the Property without further hearing. If the default is not cured by payment within fourteen (14) days of the date of mailing of the Notice of Default, Movant shall have the right to have an Order terminating the automatic stay entered.

7. If Debtor has defaulted on the Stipulation in two separate months then, if Debtor defaults a third time, Movant may file a Certification of Default without having to first send Debtor notice of the Default.

8. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtors and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

9. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation

filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ Kevin Buttery
Kevin Buttery, Esq.
PA I.D.: 319438
6409 Congress Avenue, #100
Boca Raton, FL 33487
Tel: (561) 241-6901
Fax: (561) 241-1969
kbuttery@rascrane.com

Counsel for Movant

By: /s/
Brad J Sadek, Esq. PA ID:
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com

Counsel for the Debtor

Dated: April 27, 2018